IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**JALEN ALEXANDER,**

    **Plaintiff,**

v.                                                       Civil Action No. 2:21-cv-00267
                                                     Honorable Thomas E. Johnston

**DR. CHARLES LYE, BETSY JIVIDEN,
Commissioner of Division of Corrections
and Rehabilitation, DONALD S. AMES,
Warden, Mount Olive Correctional
Complex, and JARROD WILSON, Hearing
Officer, Mount Olive Correctional Complex,**

    **Defendants.**

### DEFENDANT DR. CHARLES LYE'S MEMORANDUM OF
### LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**COMES NOW** the Defendant, Dr. Charles Lye (hereinafter "Dr. Lye") by his counsel, the law firm of Bailey & Wyant, PLLC, Jordan K. Herrick, and Samuel M. Bloom, pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure* and the applicable law asserted herein, and hereby moves this Honorable Court for an entry of an Order dismissing all claims asserted against this Defendant in the above captioned matter, with prejudice. In support of his contemporaneously filed Motion to Dismiss, this Defendant asserts and avers the following:

                **I.    FACTUAL BACKGROUND**

Per the Complaint and the attachments filed with the Complaint, Plaintiff appears to be an inmate at Mt. Olive Correctional Center and Complex ("MOCC"). *See generally*, *Complaint*. It further appears that Plaintiff brings forth two separate claims against the named defendants in this action: (1) a deliberate indifference claim in violation of the Eight Amendment to the *United States*

1

*Constitution*, brought against Defendant Dr. Lye; and (2) a procedural due process claim in violation of the Fourteenth Amendment to the *United States Constitution*, brought against Defendants Betsy Jividen, Donald S. Ames, and Jarrod Wilson.[1]

Per Plaintiff's statement of facts, the Eighth Amendment claim is premised on the allegation that Dr. Lye purposely ignored Plaintiff's serious medical needs. Specifically, Plaintiff states that Dr. Lye is deliberately indifferent for "a variety of reasons" and proceeds to provide a short list of these reasons. *See Complaint*, ¶ 3. However, every single separate reason Plaintiff lists ends with the same ultimate reason: that Dr. Lye was deliberately indifferent to Plaintiff's serious medical needs because Dr. Lye allegedly denied Plaintiff the "hand therapy" Plaintiff desired to receive. *Id.* Thus, it is without question that Plaintiff's deliberate indifference claim is premised solely on the alleged failure to treat Plaintiff by allowing Plaintiff to receive "hand therapy."

Plaintiff's actual Complaint is sparse on factual allegations supporting his claim against Dr. Lye. Reading through all the attached documents to Plaintiff's Complaint, however, sheds some light on relevant information pertaining to Plaintiff's deliberate indifference claim. Per the August 30, 2020 Inmate Medical Services Request attached to the Complaint, it appears that Plaintiff injured himself when he dropped a weight on his hand. *See Exhibit C attached to Complaint*. Per Plaintiff's September 1, 2020 grievance, it appears that Dr. Lye did perform some medical treatment on Plaintiff, but Plaintiff wanted different treatment. *Id*. Per Plaintiff's Statement of Facts and the document Plaintiff attached to his November 5, 2020 grievance, Dr. Lye initially bandaged Plaintiff's finger and gave him an ointment to treat the injury. *Complaint,* ¶ 2B; *see also Exhibit D attached to Complaint.*

---

1 For purposes of this motion to dismiss, the allegations and background facts surrounding Plaintiff's claim against Betsy Jividen, Donald S. Ames, and Jarrod Wilson appear to be wholly unrelated to the claim brought against Dr. Lye. Therefore, those allegations and background facts will not be addressed by Dr. Lye in this motion.

Per the September 1, 2020 grievance, the Unit Manager who reviewed this grievance responded to Plaintiff by stating that a NP saw Plaintiff on the day prior to responding the grievance, that Plaintiff would continue his antibiotics, that Plaintiff would receive Motrin, and that Plaintiff would be seen again for a follow-up the next week. *See Exhibit C attached to Complaint*. Plaintiff appealed the response to the final level, where an MRI was ultimately ordered for October 9, 2020. *Id*. Plaintiff did receive the MRI on October 9, 2020. *See Exhibit B attached to Complaint*.

Per the response from the Director of Inmate Services to the November 5, 2020 grievance, dated November 16, 2020, Plaintiff was seen by an orthopedic physician at Marshall Health on November 9, 2020. *See Exhibit D attached to Complaint.* At the time of that response, the records from his treatment at Marshall Health were requested but not yet received. *Id*. Per Plaintiff's January 12, 2021 grievance, the Director of Inmate Services' response to the grievance provided that <u>the offsite orthopedic doctor that was consulted did not offer or recommend treatment</u> at that time for Plaintiff's injury.[2] *See Exhibit A attached to Complaint*.

It is important to discuss that Plaintiff affirmatively claims in the Complaint that he exhausted his administrative remedies with respect to his deliberate indifference claim against Dr. Lye. Plaintiff first states that every single grievance that supports his contention that he exhausted administrative remedies will be attached to the Complaint. *Complaint,* ¶ 4. Plaintiff goes on to state he exhausted the grievance process at MOCC on October 9, 2020, February 10, 2020, and February 13, 2021.[3] However, a careful examination of each grievance attached to the Complaint shows that all but one of the grievances were rejected. *See Exhibits A, C, and D attached to the Complaint*.

---

2 This Defendant notes that the date Plaintiff put on this grievance states January 12, 2020. Plaintiff clearly put the wrong year down as Plaintiff's injury had not yet happened at that point and the responses to that grievance show that it was actually 2021.

3 This Defendant notes that Plaintiff claiming he exhausted administrative remedies on February 10, 2020 is clearly a typo as Plaintiff had not yet been injured yet in February 2020. It appears by the grievances attached to the Complaint

3

Thus, those grievances were not exhausted because they were rejected. The one grievance that was not rejected and was fully exhausted pertained to getting a different type of scan for Plaintiff's injury and for Plaintiff to take a picture of his injury. *See Exhibit C attached to Complaint.* That grievance had <u>nothing</u> to do with Plaintiff not receiving "hand therapy." *Id*.

## II.     STANDARD Of REVIEW

This Court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); see also *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Federal district courts are charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); *Cruz v. Beto*, 405 U.S. 319, 92 S. Ct. 1079, 31 L. Ed. 2d 263 (1972). However, the Fourth Circuit has provided that the Court must be mindful that it "not construct the plaintiff's legal arguments for him." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Indeed, "[t]he special judicial solicitude with which a district court should view . . . *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Rule 12(b)(6) of the *Federal Rules of Civil Procedure* permits a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." As such, Rule 12(b)(6) motions will generally serve to test the sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 233 (4th Cir. 1999). While a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), its "factual allegations must produce an inference of liability strong enough to nudge the plaintiff's claims across the line from

---

that Plaintiff has commonly used the wrong year when signing dates. *See Exhibits A,C, and D attached to Complaint.*

4

conceivable to plausible," *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). In reviewing a motion to dismiss based on Rule 12(b)(6), the Court will accept "all well-pleaded allegations in the plaintiff's complaint as true" and draw "all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards*, 178 F.3d at 244. Indeed, "[t]he issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims" he makes. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974).

Finally, in reviewing the dismissal of a complaint under Rule 12(b)(6), the Court "may consider documents attached to the complaint . . . as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Bala v. Va. Dep't of Conservation & Rec.*, 532 F. App'x 332, 334 (4th Cir. 2013) (quoting *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

### III. ARGUMENT

**A. Plaintiff's Eighth Amendment claim against Dr. Lye must be dismissed because Plaintiff failed to exhaust his administrative remedies as required by the PLRA and WVPLRA.**

Plaintiff's deliberate indifference claim against Dr. Lye must fail as Plaintiff failed to exhaust his administrative remedies before filing suit as required by both the Prison Reform Litigation Act ("PLRA") and the West Virginia Prisoner Litigation Reform Act ("WVPLRA").

**i. The PLRA makes it mandatory that an inmate first exhaust of administrative remedies before filing suit.**

The PLRA requires inmates to exhaust their administrative remedies before they bring a lawsuit. 42 U.S.C. § 1997e(a). Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as available are

5

exhausted. *Id.* The Supreme Court has interpreted the PLRA broadly, stating that the "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Although a failure to exhaust administrative remedies is an affirmative defense and is not typically grounds for a *sua sponte* dismissal, dismissal is appropriate when the complaint fails to show on its face that the Plaintiff exhausted administrative remedies. *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017).

A particularly instructive case on the issue of the applicability of the PLRA is the United States Supreme Court's opinion in *Ross v. Blake*, 136 S. Ct. 1850 (2016). In *Ross*, the Supreme Court recognized that the language in § 1997e(a) is *mandatory*. *Id.* [emphasis added]. The court went on to recognize that mandatory exhaustion statutes like the PLRA established mandatory exhaustion regimes, foreclosing judicial discretion. *Id*. Accordingly, as the PLRA is a statutory mandate, it must be strictly followed.

### ii. Similarly, the WVPLRA makes it mandatory that an inmate first exhaust of administrative remedies before filing suit.

The West Virginia Prison Litigation Reform Act ("WVPLRA") is similar to the PLRA in the sense that the WVPLRA requires inmates to exhaust their administrative remedies before they bring a lawsuit. W. Va. Code § 25-1A-1, *et seq*. The WVPLRA provides that an inmate must exhaust the administrative remedies promulgated by the correctional facility in which he/she is housed prior to initiating a civil action related to the conditions of his/her confinement, including actions under federal and state law and negligence actions. W.Va. Code §25-1A-2(c); s*ee also White v. Haines*, 217 W. Va. 414, 422 (2005). Specifically, as to the exhaustion of administrative remedies which address sexual assault/abuse, "no inmate shall be prevented… from bringing a civil or criminal action alleging violence, sexual assault or sexual abuse, after exhaustion of administrative

remedies." W. Va. Code § 25-1A-2a(i).[4]

An inmate's administrative remedies are exhausted **only** after the inmate timely files a grievance and, if denied, timely appeals the decision to the Warden and Commissioner, and the grievance is subsequently denied by the Warden. *Id*. at § 25-1A-2a(g); W.Va. C.S.R. §§ 90-9-3, 90-9-4, 90-9-5, 90-9-6, 90-9-7. Furthermore, "**a rejected grievance does not exhaust the grievance process or that step of the process**." *Id.* at § 90-9-6.4 [emphasis added].

    iii.    **All of the grievances Plaintiff filed and attached to the Complaint clearly show Plaintiff failed to exhaust his administrative remedies for his claim that he was not taken to a specialist for therapy for his hand.**

Here, Plaintiff attached several different grievances to his Complaint as exhibits. *See Exhibits A, C, and D attached to Complaint.* Although Plaintiff claims in the Complaint that he exhausted his administrative remedies, it is clear he did not. First, the four grievances attached to the Complaint show that all but one of the grievances were rejected and rejected grievances fail to exhaust the grievance process or that step of the grievance process. *See Id.;* W. Va. C.S.R. § 90-9-6.4. Specifically, the January 12, 2021 grievance, the November 5, 2020 grievance, and the February 10, 2021 grievances were all rejected.[5] *See Exhibits A and D attached to the Complaint.* Thus, Plaintiff's claims that he exhausted his administrative remedies based upon these grievances are clearly incorrect.

The one grievance that was fully exhausted has nothing do so with Plaintiff's claim against Dr. Lye. *See 9/1/2020 Grievance marked as Exhibit C attached to the Complaint.* Although that grievance does relate to Dr. Lye's treatment of Plaintiff's hand, the grievance is about taking a

---

4 The United States District for the Southern District of West Virginia has previously dismissed lawsuits on the basis of an inmate Plaintiff's failure to exhaust their administrative remedies under the WVPLRA. <u>See</u> *Chinn v. Martin*, No. 2:16-cv-00080, 2016 U.S. Dist. LEXIS 176381 (S.D. W. Va. Dec. 21, 2016); *Baker v. Hammons*, No. 2:15-cv-13849, 2016 U.S. Dist. LEXIS 15422 (S.D. W. Va. Feb. 9, 2016); (both cases revolving around allegations of sexual assault or abuse that were dismissed for failure to exhaust administrative remedies).

7

picture of his injury and getting a "proper scan for skin," not about receiving therapy. *Id*. "[T]o satisfy the exhaustion requirement, grievances generally need only be sufficient to 'alert[ ] the prison to the nature of the wrong for which redress is sought.'" *Wilcox v. Brown*, 877 F.3d 161, 170 n.4 (4th Cir. 2017) (citing *Strong v. Davis*, 297 F.3d 646, 650 (7th Cir. 2002)). Here, there is no question that Plaintiff did not alert any prison officials to his claim that he needed to be provided hand therapy. Thus, there is no question that Plaintiff failed to exhaust his administrative remedies with respect to the claim brought against Dr. Lye. Accordingly, it is proper to dismiss this action with prejudice since it is clear on the face of the Complaint that Plaintiff failed to exhaust his administrative remedies prior to filing suit as required by the PLRA and WVPLRA.

**B.  Plaintiff's Eighth Amendment claims fail to state a claim upon which relief may be granted.**

Based on the alleged facts set forth in the Complaint and the attached documents to the Complaint, Plaintiff has failed to set forth a sufficient factual predicate for a claim that Dr. Lye violated Plaintiff's Eighth Amendment rights under the *United States Constitution*.

The Eighth Amendment to the *United States Constitution* forbids more than just "physically barbarous punishments"—it extends to "punishments which are incompatible with the evolving standards of decency that mark the progress of a maturing society[,] or which involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976) (internal quotation marks and citations omitted). Deliberate indifference to a prisoner's serious medical needs constitutes the type of unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Id.* at 104 (citing *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (joint opinion of Stewart, Powell and Stevens, JJ)). But not every "claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105.

---

5 As previously mentioned, Plaintiff incorrectly dated the year in the January and February grievances.

To state a claim under the Eighth Amendment for deliberate indifference to medical needs, a plaintiff must plead facts sufficient to show that (1) objectively, a deprivation of medical care was "sufficiently serious," and (2) subjectively, prison officials were deliberately indifferent to the plaintiff's serious medical needs "with a sufficiently culpable state of mind." See *Wilson v. Seiter*, 501 U.S. 294, 296-98 (1991). In regard to the objective component, a serious medical need "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted) (citing *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999)). Turning to the subjective component, "[a]n official is deliberately indifferent to an inmate's serious medical needs only when he or she subjectively 'knows of and disregards an excessive risk to inmate health or safety.'" *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

A finding of deliberate indifference requires more than a showing of mere negligence. *Farmer*, 511 U.S. at 835; see also *Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). A prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the fact gave rise was insubstantial or nonexistent." *Id.* at 844. "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990), overruled in part on other grounds by *Farmer*, 511 U.S. at 837.

However, multiple courts have held that inmates are not entitled to unqualified access to healthcare, and a mere disagreement in regard to the diagnosis and recommended course of treatment is insufficient to support a deliberate indifference claim. *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977); *Wright v. Collins*, 766 F.2d 841, 841-849 (4th Cir. 1985); *Daye v. Proctor*, 2015 U.S. Dist. LEXIS 25833, *9 (N.D.W.Va. Mar. 4, 2015) citing *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975) ("An inmate's disagreement with a medical officer's diagnosis or course of treatment will not support a valid Eighth Amendment claim.").

In this instance, taking the facts in the light most favorable to Plaintiff, it is apparent from his own admissions and from the documents attached to the Complaint, that Dr. Lye has provided continuous treatment to Plaintiff's hand injury. Dr. Lye evaluated Plaintiff's injury when it occurred, treated his hand, ordered an MRI, and consulted with an orthopedic doctor about Plaintiff's injury. Even though Plaintiff's contention that the orthopedic doctor recommended "hand therapy" is contradicted by the response to the January 12, 2021 grievance, even assuming *arguendo* that the orthopedic doctor did recommend "hand therapy," Dr. Lye disagreeing with this recommendation does not rise to the level of deliberate indifference.

Further, the Fourth Circuit has long held that the courts are not to second-guess or input its own views about medical treatment in the place of the medical professionals' decisions. *See Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977) ("[W]e disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment. Along with all other aspects of health care, this remains a question of sound professional judgment."); *Russell*, 528 F.2d at 318. The Court has further stated that the courts "will not intervene upon allegations of mere negligence, mistake or difference of opinion." *Bowring*, 551 F.2d at 48.

The decision to not send Plaintiff to an offsite specialist for "hand therapy" is a medical

determination that Dr. Lye has made, and pursuant to Fourth Circuit precedent, the Court cannot interfere with this medical professionals' judgment. This is nothing more than a disagreement between Plaintiff and Dr. Lye as to the appropriate course of treatment. Dr. Lye has made the medical judgment that offsite treatment is not necessary, and Plaintiff believes it is necessary. This does not give rise to a Constitutional violation.

As the Fourth Circuit Court of Appeals has held: the right to treatment is "limited to that which may be provided upon a reasonable cost and time basis and the essential test is one of medical necessity and not simply that which may be considered desirable." *Bowring*, infra at 47-48. Further, "inmates are not entitled to the best medical care or the particular medical care of the inmate's choosing." *Witherspoon v. United States*, 2010 U.S. Dist. LEXIS 107159, * 10 (S.D.W.Va. Sept. 27, 2010) (internal citation omitted). Based on the facts as set forth in the Complaint, Plaintiff has received medical care for his hand by Dr. Lye. Plaintiff simply desires a different type of treatment which Dr. Lye has deemed not medically necessary. This is insufficient to support a claim for deliberate indifference. Therefore, the claims against Dr. Lye should be dismissed, with prejudice.

**C.     Plaintiff cannot maintain a claim against Dr. Lye in his official capacity pursuant to 42 U.S.C. § 1983.**

Plaintiff has brought his deliberate indifference claim pursuant to 42 U.S.C. § 1983 against Dr. Lye in both his official capacity and individual capacity. However, Dr. Lye is entitled to immunity in regard to his official capacity. Although Dr. Lye is a private actor, he was performing state functions and is therefore entitled to the same immunities as a result thereof. See *West v. Atkins*, 487 U.S. 42 (1998); see also *Filarsky v. Delia*, 566 U.S. 377, 393-394 (2012) (private parties compelled by the government to undertake duties that would otherwise be performed by a public official are entitled to raise a qualified immunity defense).

The United States Supreme Court has found that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). "While the Supreme Court treats municipalities as suable 'persons' under Section 1983, state departments and agencies, and state officers and agents in their official capacities sued for damages, are considered to be 'arm[s] of the state' and are not deemed 'persons.'" *Smoot v. Green*, 2013 U.S. Dist. LEXIS 156887 (S.D.W.Va. Nov. 1, 2013). Therefore, as Dr. Lye has been sued, in part, in his official capacity acting on behalf of the State of West Virginia, he does not fall within the definition of "persons" under 42 U.S.C. § 1983 and is not subject to suit under that statute. *See Will* at 71. Thus, Dr. Lye should be dismissed with prejudice from this lawsuit to the extent he is sued in his "official" capacity.

**D.     Dr. Lye is entitled to qualified immunity for the claim asserted against him.**

Government officials "performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In determining qualified immunity, the "court must ask, first, whether the facts alleged show the officer's conduct violated a constitutional right; if so, the next, sequential step is to resolve the qualified-immunity claim by asking whether the right was clearly established." *Bunting v. Mellen*, 541 U.S. 1019, 1022 (2004) (Dissent); quoting, *Saucier v. Katz*, 533 U.S. 194, 201 (2001) (internal quotes omitted.)

Here, Plaintiff cannot satisfy the first prong of the above standard because he did not sufficiently allege a claim within his Complaint against Dr. Lye for the alleged Eighth Amendment violation. Plaintiff's claim against Dr. Lye revolves around Dr. Lye's professional medical judgment, which is a discretionary function that falls under the protection of qualified immunity. As

12

stated previously, this claim by Plaintiff is nothing more than Plaintiff disagreeing with Dr. Lye's medical judgment, which does not rise to the level of a constitutional violation. *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977); *Wright v. Collins*, 766 F.2d 841, 841-849 (4th Cir. 1985); *Daye v. Proctor*, 2015 U.S. Dist. LEXIS 25833, *9 (N.D.W.Va. Mar. 4, 2015) citing *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975). Therefore, Dr. Lye should be entitled to qualified immunity for Plaintiff's claims asserted against them.

E.  **Plaintiff has failed to set forth a 42 U.S.C. § 1983 claim against Dr. Lye in his personal capacity.**

In order to state a cause of action under § 1983, a plaintiff must present facts showing that: (1) a person deprived him or her of a federally protected civil right, privilege or immunity and (2) that the person did so under color of State law. *Perrin v. Nicholson,* 2010 U.S. Dist. LEXIS 105121, * 4 (D.S.C. 2010); See *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) ("To state a claim for relief in an action brought under § 1983, respondents must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."). If either of these elements is missing, the complaint fails to state a claim for relief under § 1983. *Id.* at 50.

As is evident from the Complaint, and specifically as set forth above, Plaintiff has not set forth a sufficient factual predicate to show that Dr. Lye deprived him of a federally protected civil right, privilege, or immunity. There is no federally protected right for an inmate to obtain treatment from an offsite specialist when the onsite physician determines it is not medically necessary. As previously stated, the right to treatment is "limited to that which may be provided upon a reasonable cost and time basis and the essential test is one of medical necessity and not simply that which may be considered desirable." *Bowring*, infra. Further, "inmates are not entitled to the best medical care or the particular medical care of the inmate's choosing." *Witherspoon*, infra. Plaintiff has not

13

articulated any specific federally protected civil right that was violated as a result of Dr. Lye's medical decisions. Because Plaintiff fails to set forth facts alleging the deprivation of a federally protected civil right, privilege, or immunity, Dr. Lye is entitled to dismissal of this action, with prejudice.

## IV.   CONCLUSION

**WHEREFORE**, in light of the foregoing, Defendant Dr. Charles Lye prays that this Honorable Court **GRANT** this Motion and **DISMISS** the Complaint **WITH PREJUDICE** and further award this Defendant any and all other relief that this Honorable Court deems just and proper.

**CHARLES LYE, M.D.,**
**By Counsel,**

/s/ Jordan K. Herrick
Jordan K. Herrick (WV Bar #11128)
Samuel M. Bloom (WV Bar #13739)
BAILEY & WYANT, PLLC
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, West Virginia  25337-3710
T: (304) 345-4222
F: (304) 343-3133
jherrick@baileywyant.com
sbloom@baileywyant.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

**JALEN ALEXANDER,**

    **Plaintiff,**

**v.**                                                 **Civil Action No. 2:21-cv-00267**
                                                      **Honorable Thomas E. Johnston**

**DR. CHARLES LYE, BETSY JIVIDEN, Commissioner of Division of Corrections and Rehabilitation, DONALD S. AMES, Warden, Mount Olive Correctional Complex, and JARROD WILSON, Hearing Officer, Mount Olive Correctional Complex,**

    **Defendants.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of foregoing **DEFENDANT DR. CHARLES LYE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT** was served upon the following parties through the Court's Electronic Case Filing (ECF) system on this day, May 5, 2021:

Jalen Alexander, Inmate No. #3333990
1 Mountainside Way,
Mt. Olive, WV 25185

Lou Ann S. Cyrus, Esq.
Philip B. Sword, Esq.
Shuman, McCuskey & Slicer, PLLC
1411 Virginia Street East, Suite 200
Post Office Box 3953
Charleston, WV 25339-3953
Attorneys For: Betsy Jividen, Donald S. Ames, and, Jarrod Wilson

                                                           /s/ Jordan K. Herrick
                                                           Jordan K. Herrick (WV Bar #11128)
                                                           Samuel M. Bloom (WV Bar #13739)